UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LENWORTH SMITH AND YVES TOUSSAINT,   :
                                     :
            Plaintiffs,              :
                                     :   10 CV 1773 (LTS)(AJP)
      v.                             :
                                     :   **ECF CASE**
J.P. MORGAN CHASE BANK, JOHN WARD, in :
his official and individual capacity, GARY   :   **ANSWER AND DEFENSES**
SARENTINO, in his official and individual   :
capacity, VINCENT SANDELLA, in his official  :
and individual capacity,             :
                                     :
            Defendants.              :
-------------------------------------------------------------x

Defendants J.P. Morgan Chase Bank ("JPMorgan"), John Ward ("Ward"), Gary Sorrentino ("Sorrentino") (incorrectly named as "Gary Sarentino"), and Vincent Sandella ("Sandella") (together, "Defendants") hereby respond to Plaintiffs' Complaint ("Complaint"), and assert additional defenses, as follows.

## PRELIMINARY STATEMENT

1. Defendants admit that this is a "civil action seeking monetary relief" brought pursuant to the statutes listed in Paragraph 1 of the Complaint but deny that Defendants violated Plaintiffs' rights with respect to such statutes or otherwise.

2. Defendants deny the allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Plaintiffs allege the claims listed in Paragraph 3 of the Complaint, but deny that Defendants engaged in any acts of discrimination, retaliation, or any other unlawful conduct.

4. Defendants deny the allegations in Paragraph 4 of the Complaint.

12398924v.5

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit that Plaintiffs request that the Court exercise jurisdiction (incorrectly labeled "pendant jurisdiction") with respect to Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

7. Defendants admit that venue in the Southern District of New York is proper, but deny that Defendants engaged in any discriminatory acts.

8. Defendants admit that Plaintiff Lenworth Smith filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") alleging retaliation and discrimination based on race and color but deny that such charge of discrimination was filed on or about January 25, 2008. Upon information and belief, Plaintiff Smith filed the aforementioned charge on or about February 21, 2008.

9. Defendants admit the allegations of Paragraph 9 of the Complaint, except state that: (a) the Notice of Right to Sue ("Notice") was issued by the EEOC, not the U.S. Department of Justice; (b) they are without knowledge or information sufficient to form a belief as to the date Plaintiff Lenworth Smith received the Notice; and (c) the Notice is dated "December 4, 2006."

10. Defendants admit that Plaintiff Yves Toussaint filed a charge of discrimination with the EEOC alleging retaliation and discrimination based on race and color but deny that such charge of discrimination was filed on or about January 25, 2008. Upon information and belief, Plaintiff Toussaint filed the aforementioned charge on or about February 21, 2008.

11. Defendants admit the allegations of Paragraph 11 of the Complaint, except state that: (a) the Notice was issued by the EEOC, not the U.S. Department of Justice; (b) they are

without knowledge or information sufficient to form a belief as to the date Plaintiff Yves Toussaint received the Notice; and (c) the Notice is dated December 4, 2009.

12. Defendants deny the allegations of Paragraph 12 of the Complaint, except that Defendants admit Plaintiff Lenworth Smith is a Black male and that JPMorgan employed Plaintiff Lenworth Smith from on or about June 30, 2005 to on or about February 29, 2008. Defendants further state that they are without knowledge or information sufficient to admit or deny that Plaintiff Smith is "of Jamaican descent" or "a current resident of New York State."

13. Defendants deny the allegations of Paragraph 13 of the Complaint, except that Defendants admit Yves Toussaint is a Black female and that JPMorgan employed Plaintiff Toussaint from on or about April 11, 2000 to on or about February 2009. Defendants further state that they are without knowledge or information sufficient to admit or deny that Plaintiff Toussaint is "of Haitian descent" or "a resident of New York State."

14. Defendants deny the allegations in Paragraph 14, except that Defendants admit that JPMorgan was and still is a corporation.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants are without knowledge or information sufficient to admit or deny whether Ward is sued in both his official and individual capacities, but deny the remaining allegations in Paragraph 16 of the Complaint.

17. Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit that Ward is subject to certain federal and state laws, but deny that Ward

12398924v.5

engaged in any unlawful conduct under these laws.

19. Defendants deny the allegations in Paragraph 19 except that Defendants admit Sorrentino is a White male and aver that Sorrentino was employed as the Infrastructure & Chief Technical Officer during portions of Plaintiffs' employment.

20. Defendants are without knowledge or information sufficient to admit or deny whether Sorrentino is sued in both his official and individual capacities, but deny the remaining allegations in Paragraph 20 of the Complaint.

21. Defendants admit the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that Sorrentino is subject to certain federal and state laws, but deny that Sorrentino engaged in any unlawful conduct under these laws.

23. Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to admit or deny whether Sandella is sued in both his official and individual capacities, but deny the remaining allegations in Paragraph 20 of the Complaint.

26. Defendants admit the allegations in Paragraph 26 of the Complaint.

27. Defendants admit that Sandella is subject to certain federal and state laws, but deny that Sandella engaged in any unlawful conduct under these laws.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 29 of the Complaint.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint, but admit that at certain points during the timeframe mentioned in the Complaint, Plaintiffs were supervised by Ward, Sorrentino, and Sandella.

## FACTUAL ALLEGATIONS

## LENWORTH SMITH

33. Defendants admit the allegations in Paragraph 33 of the Complaint, except that Defendants are without knowledge or information sufficient to admit or deny that Plaintiff Smith is "of Jamaican descent" or "a current resident of New York State."

34. Defendants deny the allegations in Paragraph 34 of the Complaint, except that Defendants admit Plaintiff Smith worked as a contractor at JPMorgan in or around 2000.

35. Defendants deny the allegations in Paragraph 35 of the Complaint, except that Defendants aver that JPMorgan hired Plaintiff Smith as a LAN Engineer II on or about June 30, 2005.

36. Defendants deny the allegations in Paragraph 36 of the Complaint, except that Defendants admit that at different points between the years 2000 and 2005, Plaintiff Smith was supervised by John Ward, Richard Kroh, and Larry Repanes (incorrectly named as "Larry Repanse").

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants admit the allegations in Paragraph 38 of the Complaint.

39. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint, except that Defendants aver that Plaintiff Smith wrote an e-mail to the Human Resources Department in 2005 alleging discrimination.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. Defendants admit the allegations in Paragraph 49 of the Complaint.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny the allegations in Paragraph 52 of the Complaint.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants deny the allegations in Paragraph 56 of the Complaint.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint, except admit that JPMorgan terminated Plaintiff Smith's employment on or about February 29, 2008.

**YVES TOUSSAINT**

61. Defendants admit the allegations in Paragraph 61 of the Complaint, except that Defendants are without knowledge or information sufficient to admit or deny that Plaintiff Toussaint is "of Haitian descent" or "a resident of New York State," and Defendants deny that Plaintiff Toussaint was employed by JPMorgan from 1998 through February 2009.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint, except that Defendants admit that JPMorgan hired Plaintiff Toussaint on or about April 11, 2000 and that Plaintiff Toussaint had some supervisory responsibilities.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 65 of the Complaint.

66. Defendants deny the allegations in Paragraph 66 of the Complaint.

67. Defendants admit the allegations in Paragraph 67 of the Complaint.

12398924v.5

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants are without knowledge or information sufficient to admit or deny what Plaintiff Toussaint "believed" but deny the remainder of the allegations in Paragraph 72 of the Complaint.

73. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint, except that Defendants aver that Plaintiff Toussaint received tuition reimbursement at some point during her employment.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants admit the allegations in Paragraph 80 of the Complaint.

81. Defendants deny the allegations in Paragraph 81 of the Complaint.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

12398924v.5

83. Defendants deny the allegations in Paragraph 83 of the Complaint.

84. Defendants deny the allegations in Paragraph 84 of the Complaint.

85. Defendants deny the allegations in Paragraph 85 of the Complaint.

86. Defendants deny the allegations in Paragraph 86 of the Complaint.

87. Defendants deny the allegations in Paragraph 87 of the Complaint.

88. Defendants deny the allegations in Paragraph 88 of the Complaint.

89. Defendants deny the allegations in Paragraph 89 of the Complaint.

### AS AND FOR A FIRST COUNT
### Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e

90. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 89 above.

91. Defendants deny the allegations in Paragraph 91 of the Complaint.

92. Defendants deny the allegations in Paragraph 92 of the Complaint.

93. Defendants deny the allegations in Paragraph 93 of the Complaint.

### AS AND FOR A SECOND COUNT
### Title VI, 42 U.S.C. § 2000d

94. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 93 above.

95. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint.

97. Defendants deny the allegations in Paragraph 97 of the Complaint.

98.   Defendants deny the allegations in Paragraph 98 of the Complaint.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1981

99.   Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 98 above.

100.  Defendants deny the allegations in Paragraph 100 of the Complaint.

101.  Defendants deny the allegations in Paragraph 101 of the Complaint.

102.  Defendants deny the allegations in Paragraph 102 of the Complaint.

103.  Defendants deny the allegations in Paragraph 103 of the Complaint.

## AS AND FOR A FIFTH COUNT
## 42 U.S.C. § 1985

104.  Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 103 above.

105.  Defendants deny the allegations in Paragraph 105 of the Complaint.

106.  Defendants deny the allegations in Paragraph 106 of the Complaint.

107.  Defendants admit that Plaintiffs seek compensatory and punitive damages but deny that Plaintiffs are entitled to any damages under this Complaint.

## AS AND FOR A SIXTH COUNT
## 42 U.S.C. § 1986

108.  Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 107 above.

109.  Defendants deny the allegations in Paragraph 109 of the Complaint.

110.  Defendants deny the allegations in Paragraph 110 of the Complaint.

12398924v.5

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

113. Defendants deny the allegations in Paragraph 113 of the Complaint.

114. Defendants deny the allegations in Paragraph 114 of the Complaint.

## AS AND FOR A SEVENTH COUNT
**Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq.**

115. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 114 above.

116. Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 116, but aver that Defendants treated all employees equally without regard to race, color, national origin, or any other defining category.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants deny the allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121. Defendants deny the allegations in Paragraph 121 of the Complaint.

122. Defendants deny the allegations in Paragraph 122 of the Complaint.

123. Defendants deny the allegations in Paragraph 123 of the Complaint.

## AS AND FOR A EIGHTH COUNT
**BREACH OF CONTRACT**

124. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 123.

125. Defendants deny the allegations in Paragraph 125 of the Complaint, but aver that Defendants treated all employees equally without regard to race, color, national origin, or any other defining category.

126. Defendants deny the allegations in Paragraph 126 of the Complaint, but aver that JPMorgan has a policy prohibiting discrimination or retaliation as to its employees.

127. Defendants deny the allegations in Paragraph 127 of the Complaint, but aver that Defendants treated all employees equally without regard to race, color, national origin, or any other defining category.

128. Defendants deny the allegations in Paragraph 128 of the Complaint, but aver that Defendants treated all employees equally without regard to race, color, national origin, or any other defining category.

129. Defendants deny the allegations in Paragraph 129 of the Complaint, but aver that Defendants treated all employees equally without regard to race, color, national origin, or any other defining category.

130. Defendants deny the allegations in Paragraph 130 of the Complaint.

131. Defendants deny the allegations in Paragraph 131 of the Complaint.

132. Defendants deny the allegations in Paragraph 132 of the Complaint.

### AS AND FOR A NINTH COUNT
### NYS EXECUTIVE LAW § 296 (PENDENT STATE LAW CLAIM)

133. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 132.

134. Defendants deny the allegations in Paragraph 134 of the Complaint.

135. Defendants deny the allegations in Paragraph 135 of the Complaint.

136. Defendants deny the allegations in Paragraph 136 of the Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Defendants deny the allegations in Paragraph 138 of the Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Complaint.

140. Defendants deny the allegations in Paragraph 140 of the Complaint.

141. Defendants deny the allegations in Paragraph 141 of the Complaint.

142. Defendants deny the allegations in Paragraph 142 of the Complaint.

143. Defendants deny the allegations in Paragraph 143 of the Complaint.

**AND AS FOR A TENTH COUNT**
**NYS EXECUTIVE LAW § 296 (PENDENT STATE LAW CLAIM)**

144. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 143.

145. Defendants deny the allegations in Paragraph 145 of the Complaint.

146. Defendants deny the allegations in Paragraph 146 of the Complaint.

147. Defendants deny the allegations in Paragraph 147 of the Complaint.

148. Defendants deny the allegations in Paragraph 148 of the Complaint.

**AND AS FOR A ELEVENTH COUNT**
**NYS EXECUTIVE LAW § 296 (PENDENT STATE LAW CLAIM)**

149. Defendants repeat and reiterate their responses to the allegations set forth in Paragraphs 1 through 148.

150. Defendants deny the allegations in Paragraph 150 of the Complaint, but aver that they are subject to certain state and federal laws that prohibit discrimination, which Defendants complied with in their entirety.

151. Defendants deny the allegations in Paragraph 151 of the Complaint.

152. Defendants deny the allegations in Paragraph 152 of the Complaint.

153. Defendants deny the allegations in Paragraph 153 of the Complaint.

The remainder of the Complaint sets forth Plaintiffs' request for relief, as to which no response is required, but to the extent a response is deemed required, it is denied. Defendants deny that Plaintiffs are entitled to any of the relief sought in the PRAYER FOR RELIEF clause at pages 29-31 of the Complaint, or otherwise. Defendants deny that Plaintiffs are entitled to a trial by jury to the extent that the laws under which they seek to pursue their claims do not permit such trial by jury. Unless expressly admitted or otherwise responded to herein, Defendants deny each and every allegation in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise bear.

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by virtue of the doctrines of estoppel and waiver.

**THIRD DEFENSE**

Even if some impermissible motive was a factor in any employment decision concerning Plaintiffs, which Defendants expressly deny, the same decision(s) would have been made as to Plaintiffs for lawful business reasons.

**FOURTH DEFENSE**

To the extent Plaintiffs failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

**FIFTH DEFENSE**

Some or all of Plaintiffs' claims are barred because Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendants or otherwise to avoid harm.

**SIXTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**SEVENTH DEFENSE**

Defendants are not subjected to some of the statutes listed in Plaintiffs' Complaint.

Defendants reserve the right to raise additional affirmative and other defenses as may be appropriate based on information learned during the course of discovery.

WHEREFORE, having answered the allegations in Plaintiffs' Complaint in its entirety, Defendants respectfully request that the Complaint be dismissed in its entirety with prejudice and that judgment be entered in favor of Defendants. Defendants further respectfully request that the Court assess against Plaintiffs the costs and reasonable attorney fees incurred by Defendants in this

action and provide Defendants with such other remedies as are appropriate under the circumstances.

Dated:  New York, NY
       June 16, 2010

Respectfully submitted,

SEYFARTH SHAW LLP

By:    /s Robert S. Whitman
       Robert S. Whitman
       Hema Chatlani

620 Eighth Avenue
New York, New York 10018
ph:  (212) 218-5500
fax:  (917) 344-1258
rwhitman@seyfarth.com

12398924v.5