UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENWORTH SMITH and YVES TOUSSAINT,

Plaintiffs,

v.

J.P. MORGAN CHASE BANK, JOHN WARD, GARY SARENTINO, and VINCENT SANDELLA,

Defendants.

10 CV 1773 (LTS)(AJP)

**ECF CASE**

**PRELIMINARY PRE-TRIAL STATEMENT**

Pursuant to the Court's Initial Conference Order, dated April 1, 2010, and Rule 26(f) of the Federal Rules of Civil Procedure, plaintiffs Lenworth Smith and Yves Toussaint ("Plaintiffs") and defendants J.P. Morgan Chase Bank ("JP Morgan"), John Ward, Gary Sorrentino (incorrectly named as "Gary Sarentino"), and Vincent Sandella (together, "Defendants") have conferred as set forth in paragraph 3 of that Order, and now jointly submit this Preliminary Pre-Trial Statement.

**a. Nature of Action**

This is a civil action seeking monetary relief, including past and on going economic loss, injunctive relief, declaratory judgment, compensatory and punitive damages, disbursements, costs and fees) for violations of the Plaintiff's rights, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. (as amended), Title VI, 42 U.S.C.2000(d), New York State Human Rights Executive Law § 296, Civil Rights Act, 42 U.S.C.§§§ 1981, 1985, 1986, Equal Pay Act of 1963, as amended, Fair Labor Standards Act of 1938, 29 U.S.C. 201, et seq., Breach of Contract, Intentional Infliction of Emotional Distress and Negligence.

**b. Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**c. Material Uncontested or Admitted Facts**

The parties agree that all facts alleged in the Complaint are disputed except those specifically admitted by Defendants in their Answer and Defenses (Docket No. 10) ("Answer").

**d. Concise Statement of Uncontested Legal Issues.**

There is no dispute as to venue or jurisdiction. Further, the parties agree that JP Morgan is an employer subject to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the New York State Human Rights Law (the "HRL") (although, as set forth below, Defendants deny liability under any of the foregoing statutes). Additionally, the parties agree that the *McDonnell-Douglas* burden-shifting paradigm applies to Plaintiffs' discrimination claims under Title VII, the HRL, and Section 1981.

**e. Concise Statement of Legal Issues To Be Decided By The Court.**

**i. Plaintiffs' Statement**

Plaintiffs submit this statement of legal issues to be determined by the Court without waiving the right to raise additional legal issues as a result of discovery in this action.

The following are the legal issues to be decided by the court: whether the Defendants are liable for the ongoing economic, emotional and psychological damages suffered by Plaintiffs as a result of defendants discriminatory and retaliatory actions under Title VII, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), §1981, §296 of the New York State Human Rights Law ("HRL") and whether defendants have violated 42 U.S.C. §§ 1985, 1986 and the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). In addition the Court is to decide whether Defendants are liable for the state claims of breach of contract, intentional infliction of emotional distress and negligence.

**ii. Defendants' Statement**

Defendants submit this statement of legal issues to be determined by the Court without waiving the right to raise additional legal issues as a result of discovery in this action.

1. Whether the Complaint states a claim of employment discrimination under Title VII.

2. Whether the Complaint states a claim of retaliation under Title VII.

3. Whether Defendants are subject to the provisions of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI").

4. Whether the Complaint states a claim of discrimination under Title VI.

5. Whether the Complaint states a claim of retaliation under Title VI.

6. Whether the Complaint states a claim of discrimination under § 1981.

7. Whether the Complaint states a claim of retaliation under § 1981.

8. Whether the Complaint states a claim of discrimination under the HRL.

9. Whether the Complaint states a claim of retaliation under the HRL.

10. Whether the Complaint states a claim under 42 U.S.C. § 1985.

11. Whether the Complaint states a claim under 42 U.S.C. § 1986.

12. Whether the Complaint states a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

13. Whether the Complaint states a claim for breach of contract.

14. Whether the Complaint states a claim for intentional infliction of emotional distress.

15. Whether the Complaint states a claim for negligence.

16. Whether Plaintiffs have sustained any damages as a result of the conduct alleged in their Complaint.

17. Whether Plaintiffs failed to mitigate their alleged damages.

**f. Each Party's Concise Statement of Material Disputed Facts.**

The parties agree that all facts alleged in the Complaint are disputed except those admitted by Defendants in the Answer.

**g. Legal Basis of each Cause of Action**

1. Plaintiffs can sustain a claim of racial discrimination under Title VII and defeat summary judgment, by presenting sufficient evidence to corroborate the following prima facie elements: (I) Plaintiff was in a protected class; (ii) plaintiff was qualified for his or her position, (iii) the defendant employer committed an adverse employment action against the plaintiff [i.e., termination]; and (iv) that the adverse actions committed by the defendants gave rise to an inference of discrimination, based upon Plaintiff's race. See Ahmad v. Nassau Health Care Corp, 234 F.Supp. 2d 185 (E.D.N.Y. 2002); Rosen v. Thornburgh, 928 F. 2d 528, 532 (2nd Cir., 1991).

2. Plaintiffs can sustain their Title VII claim, by showing that an employer's articulated reason for their adverse actions is false, and is but a mere pretext for discrimination. See McDonnelll Douglas Corp. V. Green, 411 U.S. 792 (1973); Texas Dept. Of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

3. Plaintiff can sustain their claim under New York State Executive Law, Section 296, by proving that Defendants subjected them to unequal terms and conditions of employment and terminated them based on their race. See New York State Executive Law, Section 296; Quinn v. Green Tree Credit Corp., 159 F. 3d 759, 765 (2nd Cir. 1998). Plaintiffs can also demonstrate Defendants liability under the New York Executive Law Section 296, for Defendants failure to prevent discriminatory conduct, or for condoning of discriminatory

conduct. See See Van Zant v.KLM Royal Dutch Airlines, 80 F. 3d 708, 714-715 (2nd Cir., 1996).

4. Plaintiffs can sustain a claim under 42 U.S.C. Section 1981, by demonstrating that the defendants intentionally discriminated against them, on the basis of Plaintiffs' race. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp. , 7 F.3d 1085, 1087 (2nd Cir., 1993). Courts apply the same burden-shifting analysis for claims under Title VII, 42 U.S.C. Section 1981, and the NYS Human Rights Law. See Quinn v. Green Tree Credit Corp., 159 F. 3d 759, 765 (2nd Cir. 1998); Roge v. NYP Holdings, Inc., 257 F. 3d 164, 168 (2nd Cir., 2001).

5. Plaintiffs can establish a violation of § 1985(3), by their alleging and proving four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brothers of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott , 463 U.S. 825, 103 S.Ct. 3352 (1983)*; citing*, Griffin v. Breckenridge, 403 U.S. 88, 102-103, 91 S.Ct. 1790 (1971).

6. Plaintiff's 42 U.S.C. §1986 claim can be sustained, by demonstrating that the defendants "were and/or are able to prevent the commission of a §1985(3) conspiracy between [themselves] and the other [Defendants] and failed to do so." See Wahad v. FBI, 292 F.Supp 224, 232 (S.D.N.Y. 1993). Specifically, liability attaches for both affirmative actions and omission to act, as "[o]ne who *knows of and has the ability to aid in preventing* a §1985 conspiracy has a duty to do so. If that person *declines to take steps preventing that conspiracy*, he or she shall be liable to the injured party for damages which could have been prevented." Id. [Emphasis added], citing 42 USC §1986.

7. Plaintiffs can establish a claim under Title VI by establishing that Defendant JP Morgan Chase on the ground of race, color, or national origin discriminated against Plaintiff in their employ via a program or activity for which Defendant JP Morgan Chase receive(d) Federal financial assistance. 42 USCS § 2000d.

8. Plaintiffs can establish a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by proving they were discharged or in any other manner discriminated against by Defendants because Plaintiffs filed a complaint and instituted or caused to be instituted any proceeding under or related to this Act. 29 USCS § 215.

9. Plaintiff can establish a prima facie case for breach of contract . Plaintiffs can recover damages for breach of an implied employment contract, by establishing that Defendants (1) made the employee aware of its express written policy limiting its right of discharge, and (2) that the employee detrimentally relied on that policy in accepting employment and (3) that the employer breached said written policy. See De Petris v. Union Settlement Ass'n, Inc,. 86 N.Y.2d 406, 633 N.Y.S.2d 274 N.Y.,1995.(Oct 24, 1995). In addition, an implied employment contract may exist, where an employee meets the following elements: (1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized

representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment. See Lobosco v. New York Tel., 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 751 N.E.2d 462 (2001).

10. Plaintiffs can prevail on a claim for intentional infliction of emotional distress, they can establish that (1) Defendants intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' conduct resulted in Plaintiffs' distress; and (4) Plaintiffs' distress was severe. See, e.g., Simpson v. Uniondale Union Free Sch. Dist., No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *22 (E.D.N.Y. Mar. 31, 2010).

11. Plaintiffs can successfully establish a claim for negligence by "establish[ing] a duty, a breach of that duty, that the alleged breach of duty . . . proximately caused [their] [injuries], and that damages resulted." Eisert v. Town of Hempstead, 918 F. Supp. 601, 615 (E.D.N.Y. 1996).

**h. Concise Statement Of The Legal Basis Of Each Defense**

1. Plaintiffs cannot show that any adverse employment action occurred because of Plaintiffs' race, ethnicity, or any other protected category. *See McLee v. Chrysler Corp.*, 109 F.3d 130, 134 (2d Cir. 1997).

2. Plaintiffs' claim of retaliation fails because Plaintiffs cannot show Defendants took any adverse employment action in retaliation for any protected activity. *See Saenger v. Montefiore Med. Ctr.*, No. 07-CV-0488, 2010 U.S. Dist. LEXIS 43026, at *69 (S.D.N.Y. Mar. 31, 2010).

3. Even if Plaintiffs were able to establish a *prima facie* case of discrimination or retaliation, Plaintiffs cannot establish that Defendants' legitimate, non-discriminatory reasons for terminating either Plaintiffs' employment was a pretext for discrimination or retaliation. *See Saenger v. Montefiore Med. Ctr.*, No. 07-CV-0488, 2010 U.S. Dist. LEXIS 43026, at *73 (S.D.N.Y. Mar. 31, 2010).

4. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel and waiver.

5. To the extent Plaintiffs failed to mitigate their alleged damages, their recovery, if any, must be reduced accordingly.

6. Some or all of Plaintiffs' claims are barred because Defendants exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities and procedures provided by Defendants or otherwise to avoid harm.

7. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

8. Defendants are not subjected to some of the statutes listed in Plaintiffs' Complaint.

9. Plaintiffs lack standing to bring a claim under Title VI. *See Bary v. Delta Airlines, Inc.*, No. 02-CV5202, 2009 U.S. Dist. LEXIS 94797, at *20, fn. 7 (E.D.N.Y. Oct. 9, 2009).

10. The individually named Defendants cannot be held liable under some of the statutes cited by Plaintiffs.

11. Even if some impermissible motive was a factor in any employment decision concerning Plaintiffs, which Defendants expressly deny, the same decision(s) would have been made as to Plaintiffs for lawful business reasons.

12. Plaintiffs cannot establish a claim under the Equal Pay Act because this statute only protects against wage discrimination based on sex and Plaintiffs' Complaint is devoid of any allegations of disparate treatment based on gender. *See e.g., Russell v. Cty of Nassau,* No. 07-1686, 2010 U.S. Dist. LEXIS 14018, at *75-76 (E.D.N.Y. Feb. 18, 2010).

13. Plaintiffs cannot prevail on a claim of retaliation under the FLSA because they did not file a complaint or institute an action under the Act.

14. Plaintiffs cannot prevail on their claim under Section 1981 because they cannot establish "that Defendants intentionally discriminated against [them] on the basis of race." *Zaidi v. Amerada Hess Corp.*, No. 08-CV-0776, 2010 U.S. Dist. LEXIS 70130, at *18-19 (E.D.N.Y. July 12, 2010).

15. Plaintiffs' claim under Section 1985 fails because they cannot show that Defendants "conspired to deprive them of their protected constitutional rights." *Simpson v. Uniondale Union Free Sch. Dist.*, No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *17 (E.D.N.Y. Mar. 31, 2010). Because Section 1986 requires a violation of Section 1985, Plaintiffs' failure to establish a claim under Section 1985 nullifies their claim under Section 1986. *See id*.

16. Plaintiffs were employees-at-will and therefore cannot establish a claim for breach of contract. *See e.g., Burger v. Litton Indus.*, No. 91-CV-0918, 1996 U.S. Dist. LEXIS 5560, at *69 (S.D.N.Y. Apr. 24, 1996).

17. Plaintiffs cannot establish a claim for negligence because Defendants did not breach any duty owed to Plaintiffs and, in any event, such claims are barred by operation of the Worker's Compensation Law.

18. Plaintiffs cannot establish a claim for intentional infliction of emotional distress because Defendants did not intentionally engage in any "extreme and outrageous conduct" and Plaintiffs cannot establish that they suffered "severe emotional distress" as a result of Defendants' acts. *Simpson v. Uniondale Union Free Sch. Dist.*, No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *22 (E.D.N.Y. Mar. 31, 2010).

**i. Measure of Proof and Burden of Proof**

The parties agree that the measure of proof is a preponderance of the evidence.

**Plaintiffs' Statement**

To establish a prima facie claim of discrimination under Title VII and Human Rights Law §296, the plaintiff must demonstrate that (1) he or she belongs to a protected class; (2) he or she was performing his duties satisfactorily; (3) he or she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Parker v. AECOM USA, Inc., 2010 U.S. Dist. LEXIS 13637, *6 (D.Conn Feb. 17 2010) If Plaintiffs Smith and Toussaint establish a prima facie case, the JP Morgan Chase must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. Plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. Id. *quoting* St. Mary's Honor Center v. Hicks, 509 U.S. 502,(1993).

To establish a cause of action pursuant to Title VI, Plaintiffs Smith and Toussaint must prove: (1) that [JP Morgan Chase Bank] was involved is engaging in racial or national origin discrimination and (2) the [JP Morgan Chase Bank] involved is receiving federal financial aid. As in Title VII cases, discriminatory effect alone is sufficient to satisfy the first element, intent to discriminate need not be proven. Scelsa v. City Univ. of N.Y., 806 F. Supp. 1126, 1140 (S.D.N.Y. 1992) *quoting* Jackson v.Conway, 476 F. Supp. 896, 903 (E.D.Mo. 1979), *aff'd* 620 F.2d 680 (8th Cir. 1980). In a private action under Title VI proof of discriminatory intent is not required Guardians Ass'n v. Civil Serv. Com., 463 U.S. 582 (1983). Discriminatory impact, even absent proof of discriminatory intent, will suffice to support a private right of action under Title VI Scelsa v. City Univ. of N.Y., 806 F. Supp. 1126, 1141(S.D.N.Y. 1992) Plaintiffs Toussaint and Smith are to establish that the proposed federally-aided administrative action involves 'some definite, measurable disparate impact. N.A.A.C.P. v. Medical Center Inc., 657 F.2d 1322, 1332 (3rd Cir. 1981). Once Plaintiffs meet this initial burden, JP Morgan Chase Bank must present a justification for their actions. The elements of a disparate impact case are first that the plaintiffs show a discriminatory effect. The burden then shifts to defendants to advance a non-discriminatory reason for the controverted actions, and then the burden shifts again back to the plaintiffs to demonstrate that the proffered non-discriminatory reasons are really pretextual. Scelsa v. City Univ. of N.Y., 806 F. Supp. 1126, 1140 (S.D.N.Y. 1992) *quoting* NAACP v. Wilmington Medical Center, 491 F. Supp. 290, 314-315 (D.Del. 1980).

To sustain a claim under 42 U.S.C. Section 1981, Plaintiffs must demonstrate that the JP Morgan Chase Bank intentionally discriminated against them, on the basis of Plaintiffs' race or alienage. See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2nd Cir., 1993); Anderson v. Conboy, 156 F.3d 167 (2d Cir. 1998) (alienage discrimination also covered). Discrimination based upon "ancestry or ethnic characteristics" is precluded under § 1981 Lopez v. S.B. Thomas, Inc. , 831 F.2d 1184, 1188 (2d Cir. 1987). Courts apply the same burden-shifting analysis for claims under Title VII, 42 U.S.C. Section 1981, and the NYS Human Rights Law. See Quinn v. Green Tree Credit Corp., 159 F. 3d 759, 765 (2nd Cir. 1998); Roge v. NYP Holdings, Inc., 257 F. 3d 164, 168 (2nd Cir., 2001). To sustain claims of individual

liability under §1982 Plaintiffs need only "demonstrate some affirmative link to causally connect the actor with the discriminatory action." Patterson v. County of Oneida, N.Y., 375 F.3d 206, 229 (2d Cir. 2004).

To establish a violation of § 1985(3), Plaintiffs must prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. United Brothers of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott , 463 U.S. 825, 103 S.Ct. 3352 (1983)*; citing*, Griffin v. Breckenridge, 403 U.S. 88, 102-103, 91 S.Ct. 1790 (1971).

To sustain a 42 U.S.C. §1986 claim, Plaintiffs must demonstrate that the JP Morgan chase bank "were and/or are able to prevent the commission of a §1985(3) conspiracy between [themselves] and the other [Defendants] and failed to do so." See Wahad v. FBI, 292 F.Supp 224, 232 (S.D.N.Y. 1993). Specifically, liability attaches for both affirmative actions and omission to act, as "[o]ne who *knows of and has the ability to aid in preventing* a §1985 conspiracy has a duty to do so. If that person *declines to take steps preventing that conspiracy*, he or she shall be liable to the injured party for damages which could have been prevented." Id. [Emphasis added], citing 42 USC §1986.

Plaintiffs can establish a claim under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") by proving they were discharged or in any other manner discriminated against by Defendants because Plaintiffs filed a complaint and instituted or caused to be instituted any proceeding under or related to this Act. 29 USCS § 215

To establish a prima facie case for breach of contract, Plaintiffs must show a breach of an implied employment contract, by establishing that Defendants (1) made the employee aware of its express written policy limiting its right of discharge, and (2) that the employee detrimentally relied on that policy in accepting employment and (3) that the employer breached said written policy. See De Petris v. Union Settlement Ass'n, Inc,. 86 N.Y.2d 406, 633 N.Y.S.2d 274 N.Y.,1995.(Oct 24, 1995). In addition, an implied employment contract may exist, where an employee meets the following elements: (1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment. See Lobosco v. New York Tel., 96 N.Y.2d 312, 316, 727 N.Y.S.2d 383, 751 N.E.2d 462 (2001).

To prevail on a claim for intentional infliction of emotional distress, Plaintiffs must establish that (1) Defendants intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' conduct resulted in Plaintiffs' distress; and (4) Plaintiffs' distress was severe. See, e.g., Simpson v. Uniondale Union Free Sch. Dist., No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *22 (E.D.N.Y. Mar. 31, 2010).

To successfully establish a claim for negligence Plaintiffs must "establish a duty, a breach of that duty, that the alleged breach of duty . . . proximately caused [their] [injuries], and that damages resulted." Eisert v. Town of Hempstead, 918 F. Supp. 601, 615 (E.D.N.Y. 1996).

**Defendants' Statement**

To establish a claim of discrimination under Title VII or the HRL, each Plaintiff must prove that he or she: (1) is a member of a protected class; (2) was qualified for the position held; (3) suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. Should Plaintiffs establish a *prima facie* case, the burden would shift to Defendants to articulate a legitimate, nondiscriminatory reason for the challenged employment action. *McDonnell Douglas Corp., v. Green* , 411 U.S. 792, 802 (1973). Once JP Morgan makes such a showing, any presumption of discrimination disappears, and Plaintiffs must show that the reason given by Defendants is a pretext for unlawful discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

To prevail on a claim under Title VI, Plaintiffs must first establish that JP Morgan received federal financial assistance in the form of a subsidy and that Plaintiffs were the intended recipients of the subsidy. *See Bary v. Delta Airlines, Inc.*, No. 02-CV-5202, 2009 U.S. Dist. LEXIS 94797, at *19-20 (E.D.N.Y. Oct. 9, 2009). If Plaintiffs make such a showing, they must then establish that JP Morgan discriminated against them on the basis of their race, the discrimination was intentional, and the discrimination was a "substantial or motivating factor" for JP Morgan's actions. *Tolbert v. Queens College*, 242 F.3d 58, 69 (2d Cir. 2001) (internal citations and quotation marks omitted).

To establish a claim under Section 1981, Plaintiffs must allege "(1) that [they are] a member of a racial minority; (2) that Defendants intentionally discriminated against [them] on the basis of race; and (3) that such discrimination concerned one of the statute's enumerated activities." *Zaidi v. Amerada Hess Corp.*, No. 08-CV-0776, 2010 U.S. Dist. LEXIS 70130, at *18-19 (E.D.N.Y. July 12, 2010). A section 1981 employment discrimination claim requires a showing of "intentional discrimination." *Id.* at *20.

A claim for conspiracy under Section 1985 requires Plaintiffs to establish that "(1) they are members of a protected class, that (2) the Defendants conspired to deprive them of their protected constitutional rights, that (3) the Defendants acted with class-based, invidiously discriminatory animus, and that (4) they suffered damages as a result of the Defendants' actions." *Simpson v. Uniondale Union Free Sch. Dist.*, No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *17 (E.D.N.Y. Mar. 31, 2010). In addition, the plaintiff "must also show 'with at least some degree of particularity, overt acts which the defendants engaged in which were reasonably related to the promotion of the claimed conspiracy.'" *Id.* (*quoting Griffin v. Breckenridge*, 403 U.S. 88, 147 (1971)). To prevail under Section 1986, Plaintiffs must show a "failure to prevent a Section 1985 conspiracy." *Zaidi*, 2010 U.S. Dist. LEXIS 70130 at *17.

To establish a *prima facie* case of retaliation, Plaintiffs must show that: (1) they participated in protected activity; (ii) Defendants were aware of their participation in the protected activity; (3) Defendants took adverse action against Plaintiffs based upon this activity; and (4) a causal connection exists between the protected activity and the adverse action taken by

Defendants. *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005); *Philippeaux v. Fashion Inst. of Tech.*, No. 96-7533, 1996 U.S. App. LEXIS 33507, at*3 (2d Cir. Dec. 23, 1996) (setting forth standard for Section 1981 and Title VI retaliation claims). If Plaintiffs set forth a prima facie case of retaliation, the burden shifts to the employer to offer a legitimate, nondiscriminatory basis for its actions. *See id.* If the employer meets this burden, the burden shifts to plaintiffs to show that the employer's stated reason is pretext for discriminatory-retaliation. *See id.*

The FLSA "was enacted to eliminate labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Russell v. Cty of Nassau*, No. 07-1686, 2010 U.S. Dist. LEXIS 14018, at *75-76 (E.D.N.Y. Feb. 18, 2010) (internal citations and quotation marks omitted). Plaintiffs' Complaint alleges a claim under the Equal Pay Act provision of the FLSA. (Comp. ¶ 1). To prevail under this Act, Plaintiffs must allege facts indicating "wage discrimination based on sex." *Id.*

To prevail on a claim for intentional infliction of emotional distress, Plaintiffs must establish that (1) Defendants intended to inflict emotional distress or knew or should have known that emotional distress was a likely result of their conduct; (2) Defendants' conduct was extreme and outrageous; (3) Defendants' conduct resulted in Plaintiffs' distress; and (4) Plaintiffs' distress was severe. *See, e.g.*, *Simpson v. Uniondale Union Free Sch. Dist.*, No. 09-CV-0449, 2010 U.S. Dist. LEXIS 33157, at *22 (E.D.N.Y. Mar. 31, 2010).

To prevail on their claim for breach of contract, Plaintiffs must first overcome the "presumption of employment at will." *Burger v. Litton Indus.*, No. 91-CV-0918, 1996 U.S. Dist. LEXIS 5560, at *69 (S.D.N.Y. Apr. 24, 1996). Where, as here, a claim for breach of contract is premised on reliance on the provisions of an employee handbook, Plaintiff must show that the reliance was reasonable. *See Martin v. State Univ. of N.Y.*, No. 06-CV-2049 2010 U.S. Dist. LEXIS 29297, at *76-78 (E.D.N.Y. Mar. 26, 2010) (holding that plaintiff's breach of contract claim, based on defendants' failure to abide by "the 'terms and statements that were contained in Defendants' Employee Handbook,' including 'written assurances, representations, and promises [that the Defendants] would not unlawfully discriminate against Plaintiff" was "fatally flawed" because "a plaintiff cannot turn a defendant's statutory obligation to act in accordance with federal, state, and local laws prohibiting discrimination into a contractual one as well" and because plaintiff "could not have reasonably treated the assurances contained in the Handbook as legally enforceable contractual obligations.").

Finally, to establish a claim for negligence, Plaintiffs "must establish a duty, a breach of that duty, that the alleged breach of duty . . . proximately caused [their] [injuries], and that damages resulted." *Eisert v. Town of Hempstead*, 918 F. Supp. 601, 615 (E.D.N.Y. 1996).

**j. Amendments to Pleadings**

Any party may amend the pleadings on or before July 30, 2010.

**k. Transfer of Case to Magistrate Judge**

The parties do not agree to a trial of this case by a Magistrate Judge.

**l. Timing, Form, or Requirements of Fed. R. Civ. P. 26(a)(1) Disclosures**

Defendants provided their initial disclosures on July 23, 2010. Plaintiffs provided their initial disclosures on August 2, 2010.

**m. Discovery Plan**

1. The parties intend to conduct discovery on the merits of Plaintiffs' claims, damages issues, and the merits of Defendants' defenses.

2. The parties propose February 9, 2011, as the fact discovery cut-off date.

**n. Expert Evidence**

Plaintiffs anticipate calling an information technology expert to evaluate the merits of JP Morgan's reason for terminating Plaintiff Smith's employment; Defendants reserve the right to call a rebuttal expert.

The deadline for Plaintiffs to provide a merits related expert report shall be April 11, 2011. The deadline for Defendants' rebuttal expert report shall be May 25, 2011.

Defendants anticipate employing an expert to rebut any evidence presented by Plaintiffs of physical, psychological, or emotional damage which Plaintiffs claim resulted from Defendants' conduct. Plaintiffs reserve the right to call a rebuttal expert. The deadline for filing such reports shall depend on the outcome of Defendants' anticipated summary judgment motion.

**o. Discovery Limitations**

Defendants' responses to Plaintiffs' document requests shall not be served until a protective order, to be agreed upon between counsel, has been entered. No other changes to the discovery limitations are anticipated at this time.

**p. Status Of Settlement Discussions**

The parties have had preliminary settlement discussions and have agreed to engage in further settlement discussions as developments in this litigation warrant.

**q. Jury Trial**

The parties agree that the case is to be tried with a jury and anticipate that the trial will take approximately two weeks.

**r. Other Orders**

The parties propose that any dispositive motions be made by April 11, 2011.

Dated: August 2, 2010
New York, New York

Respectfully submitted,

LAW OFFICES OF
FREDERICK K. BREWINGTON

By /s Marjorie Mesidor
Marjorie Mesidor

556 Peninsula Boulevard
Hempstead, New York 11550
(516) 489-6959
marjorie.mesidor@brewingtonlaw.com

*Attorneys for Plaintiff*

SEYFARTH SHAW LLP

By /s Robert S. Whitman
Robert S. Whitman
Hema Chatlani

620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500
rwhitman@seyfarth.com

*Attorneys for Defendants*